**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                    CASE NO: 3:18-cr-149-J-34JBT

GIOVANNI VIGIL VEGA                    ORDER ON MOTION FOR
                                                       SENTENCE REDUCTION UNDER
                                                       18 U.S.C. § 3582(c)(1)(A)

_____

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the factors

identified in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

   ☒ FACTORS CONSIDERED

Defendant Giovanni Vigil Vega is a 41-year-old inmate incarcerated at Miami FCI,

serving a 48-month term of imprisonment for conspiracy to distribute 500 grams or more

of cocaine. (Doc. 27, Judgment). According to the Bureau of Prisons (BOP), he is

scheduled to be released from prison on July 16, 2022. Vigil Vega seeks compassionate

release because of the Covid-19 pandemic and because he claims to suffer from

hypertension, gastro-esophageal reflux disease (GERD), high cholesterol, as well as

alcohol and marijuana use disorders. (Doc. 33, Motion at 2). He also cites the mental and

emotional toll of the prison's pandemic lockdown measures. Vigil Vega notes that he

tested positive for Covid-19 in July 2020. (Id.).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Preliminarily, Vigil Vega has failed to satisfy § 3582(c)(1)(A)'s requirement that, before a defendant may move for compassionate release in district court, he must "fully exhaust[ ] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion [for compassionate release] on the defendant's behalf" or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. In support of his contention that he exhausted administrative remedies, Vigil Vega submits evidence that he requested home confinement and that the request was denied. (Doc. 33-2, Home Confinement Request). However, a request for home confinement does not satisfy § 3582(c)(1)(A)'s exhaustion requirement because a request for home confinement and a request for compassionate release are two different things. United States v. Sturdivant, No. 3:18-CR-006, 2020 WL 4194200, at *2 (E.D. Tenn. July 21, 2020). The two types of relief arise from different sources of authority: the BOP has authority to place a defendant on home confinement under 18 U.S.C. § 3624(c)(2) and the CARES Act, Pub. L. No. 116-136, 134 Stat. 281, § 12003(b)(2) (2020), whereas a district court has the authority to reduce a sentence and order a compassionate

release under 18 U.S.C. § 3582(c)(1)(A). A request for home confinement merely seeks a transfer of the inmate's place of confinement from a BOP facility to the inmate's home, but it does not entail a reduction in the term of imprisonment itself. And, the Attorney General has exclusive jurisdiction over requests for home confinement. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act). By contrast, a request for compassionate release seeks a reduction of the prison sentence itself, which only the district court can grant (upon a motion of either the BOP Director or a motion of the defendant). 18 U.S.C. § 3582(c)(1)(A). Submitting a request for home confinement does not give the BOP an opportunity to review an inmate's request that the BOP Director move for a sentence reduction under the compassionate release statute.

Section 3582(c)(1)(A)'s exhaustion requirement is a firm prerequisite to filing a motion for compassionate release in district court, which is not subject to judicially created exceptions. United States v. Alam, 960 F.3d 831, 833-36 (6th Cir. 2020); Raia, 954 F.3d at 597. Because Vigil Vega has not satisfied either of § 3582(c)(1)(A)'s exhaustion alternatives, his Motion is not properly filed.

In any event, Vigil Vega has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). According to the Centers for Disease Control (CDC), certain conditions might increase the risk of severe infection from coronavirus, while other conditions do increase the risk of severe infection.[1]

---

[1]     https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Vigil Vega's high blood pressure falls into the former category. Nor is high blood pressure an extraordinary condition. The CDC reports that 108 million adults in the United States (about 45% of the adult population) have high blood pressure or take medication for the condition.[2] The CDC does not identify GERD, high cholesterol, or alcohol or marijuana use disorders as risk factors for severe infection. And although Vigil Vega may find the prison environment to be psychologically taxing in light of Covid-19 lockdown measures, the same is likely true of prisoners throughout the country. Thus, the emotional toll of the prison's Covid-19 countermeasures is not an extraordinary and compelling reason for compassionate release.

Moreover, as Vigil Vega acknowledges, he tested positive for Covid-19 in July 2020. Motion at 2. He implies that he recovered from Covid-19, but questions whether he acquired lasting immunity or whether he is susceptible to reinfection. Id. at 8-9. Early data suggests that reinfection is possible, but that it is rare, with fewer than five cases of reinfection confirmed out of 38 million Covid-19 infections worldwide.[3] But whether or not Vigil Vega might be susceptible to reinfection, his recovery demonstrates he is healthy enough to overcome coronavirus.[4] As such, the Court concludes that, accounting for Vigil Vega's conditions, Covid-19 is not a justification for compassionate release.[5]

---

[2]    https://www.cdc.gov/bloodpressure/facts.htm.

[3]    "Coronavirus Reinfections are Real, but Very, Very Rare," Oct. 13, 2020. https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html.

[4]    That Vigil Vega recovered from Covid-19 undermines his dire prediction that continued incarceration would amount to a death sentence. Motion at 13-14. According to the latest BOP data, only one inmate at Miami FCI (out of 954 total inmates and 129 inmate infections) has died from coronavirus. https://www.bop.gov/coronavirus/. Last accessed October 22, 2020.

[5]    The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach

Finally, consideration of the sentencing factors under 18 U.S.C. § 3553(a) does not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Vigil Vega was convicted of conspiracy to distribute 500 grams or more of cocaine. Although Vigil Vega lacked a significant criminal history and he performed well on pretrial release, the Court also determined at sentencing that, given the serious nature of the offense, a lesser sentence than 48 months in prison "would be insufficient." (Doc. 31, Sentencing Transcript at 7). Vigil Vega, who was remanded into custody at sentencing, has served less than two years of his sentence. The Court commends Vigil Vega for maintaining good conduct in prison. However, in view of all the § 3553(a) factors, reducing Vigil Vega's term of imprisonment at this time would not be consistent with the statutory purposes of sentencing or the Sentencing Commission's policy statements.

Accordingly, Defendant Giovanni Vigil Vega's Motion for Compassionate Release (Doc. 33) is **DENIED**.[6]

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of November, 2020.

MARCIA MORALES HOWARD
United States District Judge

Lc 19
Copies:
Counsel of record
Defendant

---

the same conclusion if it were not bound by U.S.S.G. § 1B1.13, cmt. 1.

[6]    To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See Alvarez, 2020 WL 2572519, at *2; Calderon, 801 F. App'x at 731-32.